UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:10-cr-00109-ECR-WGC |
| Plaintiff, | MINUTES OF THE COURT |
| vs. | DATE: December 15, 2011 |
| JOSE GUADALUPE ROJAS-GUZMAN, a/k/a Angel, AURELIO NUNES-MOLINA, and MARIO ADRIAN LOPEZ-FERNANDEZ, a/k/a Mario, | |
| Defendants. | |

PRESENT: _____EDWARD C. REED, JR._____ _____U. S. DISTRICT JUDGE_____

Deputy Clerk: ___COLLEEN LARSEN___  Reporter: ___NONE APPEARING___

Counsel for Plaintiff(s) _____NONE APPEARING_____

Counsel for Defendant(s) _____NONE APPEARING_____

MINUTE ORDER IN CHAMBERS

Defendant Rojas-Guzman has filed a Motion to Dismiss or, in the Alternative, for a Bill of Particulars (#95) on December 9, 2011. The Government responded (#103) on December 14, 2011.

**I. Defendant Rojas-Guzman's Motion for a Bill of Particulars (#95)**

Federal Rule of Criminal Procedure 7(f) authorizes the court to "direct the government to file a bill of particulars." One of the purposes of a bill of particulars is to enable a defendant to adequately prepare for trial. United States v. Long, 706 F.2d 1044, 1054 (9th Cir 1983). "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." Id. The determination of whether a bill of particulars is necessary rests within the sound discretion of the trial court. Id.

The original indictment (#18) was filed September 22, 2010, over a year before the filing of the superseding indictment (#70) on November 16, 2011. It is presumed that Defendant Rojas-Guzman was justifiably preparing to defend against charges in the original indictment until the superseding indictment was filed last month. Comparing the superseding indictment to the original

indictment results in confusion as to what transactions and circumstances underlie the charges in the superceding indictment. Defendants are entitled to have the factual basis for these charges revealed. A bill of particulars would also advise the Court as to the references made in the superseding indictment.

In that regard, the bill of particulars shall address, at the least, the following questions:

1) What specific transactions and/or circumstances underlie the charges in the superseding indictment (#70)?

2) Why the date changed in Counts I and III of the superseding indictment (#70) to September 11, 2010 - why shorten the conspiracy by a day?

It should be noted that the Court does not characterize Defendant's motion (#95) as a motion in limine subject to the previous scheduling order of the court. Moreover, the late filing of the superseding indictment justifies the late filing of Defendant's motion (#95).

## II. Defendant Rojas-Guzman's Motion to Dismiss (#95)

Defendant contends that the superseding indictment (#70) should be dismissed under 18 U.S.C. § 3161(b) because the charges in the complaint (#1) and the superseding indictment are brought under the same statute. "Under Section 3161(a) and 3162(b), the Government may prosecute a defendant accused in a complaint and untimely charged in a subsequent indictment when the respective offenses are punishable under different statutes, despite the fact that they arose from the same criminal transaction." United States v. Palomba, 31 F.3d 1456, 1464 (9th Cir. 1994) (citations omitted). However, where "the charges in the complaint and a later indictment are brought under the same statute, such charges shall be dismissed under Section 3161(b), absent substantial discrepancies in time, place and manner between the underlying criminal episodes 'apparent on the face of the complaint.'" Id. (quoting United States v. Pollock, 726 F.2d 1456, 1462 (9th Cir. 1984)).

It appears that the facts underlying distribution charge in Count Two of the superseding indictment (#70) was included in the affidavit accompanying the complaint (#1), but was not included as a charge in the complaint nor in the original indictment (#18). For these reasons, the Court will set a hearing on the issue of whether the distribution charge is subject to dismissal as untimely under section 3161 because it was included in the affidavit accompanying the complaint (#1) but not in the original timely indictment (#18), and was not charged as a separate offense until the superseding indictment (#70) was filed on November 16, 2011, well outside the 30-day time limit. In particular, the Court orders the parties to address the following questions:

1) Whether any of the Counts alleged in the superseding indictment (#70) are untimely charged in violation of the Speedy Trial Act and therefore subject to dismissal because they were not brought in the original indictment (#18) or within thirty days of defendants' arrest.

2) Whether Count One of the superseding indictment (#70) charges the same conspiracy alleged in Count One of the original indictment (#18), but ending one day earlier.

3) Does the fact that the original complaint (#1) contains only a charge of conspiracy to possess with intent to distribute in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A) save the superseding indictment (#70)?

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant Rojas-Guzman's Motion for a Bill of Particulars (#95) is **GRANTED**. The Government shall file a bill of particulars addressing the questions enumerated above no later than 4:00 P.M. Friday, December 16, 2011.

**IT IS FURTHER ORDERED** that a hearing on Defendant Rojas-Guzman's Motion to Dismiss (#95) to consider the issues set forth above in paragraph II is set for Friday, December 16, 2011 at 10:00 A.M. At that time, the Court will also consider Defendant Rojas-Guzman's Motion in Limine (#94).

LANCE S. WILSON, CLERK

By _____/s/_____
Deputy Clerk